UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.:   16-17324 |
| RIVER NORTH 414 LLC | ) | |
| | ) | |
| | ) | Chapter:  11 |
| | ) | Honorable Janet S. Baer |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

### ORDER APPROVING DISCLOSURE STATEMENT AND CONFIRMING DEBTOR'S SECOND PLAN OF REORGANIZATION DATED JUNE 2, 2017

Upon consideration of the Debtor's Second Plan of Reorganization [Docket No. 158] (the "Plan")  and the Debtor's Disclosure Statement Dated June 2, 2017 [Docket No. 159] (the "Disclosure Statement"); it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of this hearing and the objection deadline with respect to the Plan and Disclosure Statement was given to all parties in interest; and it appearing that the Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code; and it appearing that the provisions of chapter 11 of the Bankruptcy Code, including sections 1122(a), 1123, and 1129 have been complied with; and it appearing that the proponents of the Plan have complied with the provisions of the Bankruptcy Code, and the Plan having been proposed in good faith and not by means prohibited by law; and it appearing that at least one class of impaired claims has accepted the Plan; capitalized terms used herein shall have the meaning given to such term in the Plan or the Disclosure Statement, as the case may be; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Disclosure Statement is approved and determined to contain "adequate information" pursuant to 11 U.S.C. § 1125.

2. The Plan, attached hereto as Exhibit A, is confirmed consistent with the terms in this Order.

3. Upon the Effective Date, the Plan shall constitute a legal, valid, binding, and authorized agreement, enforceable in accordance with its terms.

4. The Debtor and the Reorganized Debtor are authorized and directed to take all actions necessary or appropriate to implement the Plan.

5. The stay contemplated by Bankruptcy Rule 3020(e) shall not apply to this Order.

6. The Debtor or Reorganized Debtor, as the case may be, shall remain responsible for any and all fees payable pursuant to 28 U.S.C. § 1930 until the closing of the Debtor's bankruptcy case.

7. As of the Effective Date, all entities that have held, currently hold, or may hold a Claim against the

Rev: 20170105_bko

Debtor are permanently enjoined from taking any of the following actions on account of any such Claim against the Reorganized Debtor: (i) commencing or continuing in any manner any actions or other proceeding; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order; (iii) creating, perfecting, or enforcing any lien or encumbrance; and (iv) asserting a setoff, right of subrogation, or recoupment of any kind against any debt, liability, or obligation.

   8. This Court shall retain jurisdiction for the purposes set forth in the Plan and to the extent necessary to clarify, interpret, and enforce the terms and provisions of this Order.

Enter:

Honorable Janet S. Baer
United States Bankruptcy Judge

Dated:  7/19/17

**Prepared by:**
Thomas R. Fawkes, Esq.
Sean P. Williams, Esq.
GOLDSTEIN & MCCLINTOCK LLLP
111 West Washington Street, Suite 1221
Chicago, Illinois 60602
Telephone: (312) 219-6735
Facsimile: (312) 216-0734
e-mail: seanw@goldmclaw.com

Rev: 20170105_bko

-EXHIBIT A-